UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| JESSIE R. AKERS, SR., | ) |  |
|---|---|---|
| *Plaintiff,* | ) |  |
| v. | ) | Case No. 4:10-cv-41 |
|  | ) | Judge Mattice |
| WAL-MART STORES, INC., | ) |  |
| *Defendant.* | ) |  |

## MEMORANDUM AND ORDER

Before the Court is Defendant Wal-mart Stores, Inc.'s[1] Motion to Dismiss [Court Doc. 12] and a Motion to Set Initial Case Management Conference, or Alternatively, Remand to State Court [Court Doc. 17] filed by Plaintiff Jessie R. Akers, Sr. Defendant argues that dismissal of Plaintiff's action is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim for which relief may be granted.

For the reasons set forth below, Defendant's Motion to Dismiss [Court Doc. 12] will be **GRANTED** and Plaintiff's Motion to Set Initial Case Management Conference, or Alternatively, Remand to State Court [Court Doc. 17] will be **DENIED AS MOOT**.

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense arises in the context of a motion to dismiss, where the movant challenges the

---

[1] Defendant notes in the Motion that Wal-Mart Stores, Inc. is not the proper entity to be sued in this case and that Wal-Mart Stores East, L.P. is the correct entity. (Court Doc. 12, Def.'s Mot. to Dismiss at 1 n.1.)

sufficiency of claims set forth in a complaint. In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on the holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court clarified this statement by outlining the two "working principles" governing a motion to dismiss. *Id*. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court considering a motion to dismiss should only accept that all factual allegations are true. Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail but whether there is "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## II. FACTS

Plaintiff filed his Complaint against Defendant on May 24, 2010. In the Complaint, Plaintiff asserts that he was employed at Defendant's store number 735 in Winchester, Tennessee, from August 1996 until his discharge on May 26, 2009. (Court Doc. 1-1, Compl. ¶¶ 2-4.) Plaintiff's position at the time of his discharge was Support Manager of the Tire and Lube Express department in this store, and Plaintiff claims that he had a good work record, received positive evaluations and promotions, was adept at handling customer problems, and was given broad discretion to do so. (*Id.* ¶¶ 4-10.) Plaintiff states that on April 28, 2009, a customer came to the store with two defective tires that were purchased from Defendant. (*Id.* ¶ 13.) Although Plaintiff discounted the new tires to $50.00 each, the customer believed the new tires would be free and did not have the money to complete this transaction. (*Id.* ¶¶ 14-16.)

Plaintiff could have placed the defective tires back on the customer's vehicle, held the vehicle at the store until the customer returned with the money, or let the customer leave and come back with money for the new tires. (*Id.* ¶ 17.) Plaintiff chose to let the customer leave and she promised to return with the money. (*Id.* ¶¶ 18-19.) According to Plaintiff, it was not unusual for customers to leave with products and return with money, and he posted the work order for this transaction on the board with other similar work orders. (*Id.* ¶¶ 20-21.) Pursuant to the standard procedure, eventually Plaintiff removed the work order from the board and placed it with others that were not resolved, but Defendant accused him of hiding the work order to conceal the fact that the customer never returned with money. (*Id.* ¶¶ 22-27.) In response, Plaintiff told Defendant that if the

customer never returned, he would pay for the tires. (*Id.* ¶ 28.)

Plaintiff also asserts in his Complaint that as supervisor of the department, he kept a door to the stock room unlocked to provide access to an emergency exit. (*Id.* ¶¶ 29-35.) Defendant's local asset protection coordinator, however, told Plaintiff that the door should remain locked even though it could not be accessed by the public. (*Id.* ¶¶ 36-39.) Plaintiff kept the door unlocked during his shifts and, after being told again that the door should remain locked, Plaintiff told the asset protection coordinator that the fire marshal and/or OSHA (the Occupational Safety & Health Administration) may need to be contacted because the locked door was a safety hazard to employees. (*Id.* ¶¶ 40-41.)

After this last disagreement with the asset protection coordinator, Plaintiff was presented with a restitution note for the unpaid tires and signed the note. (*Id.* ¶¶ 42-44.) Plaintiff was also given a separation notice which stated that he was being discharged because he allowed a customer to leave with two tires and failed to pay for the tires. (*Id.* ¶ 45.) Although Plaintiff paid for the tires, he was still discharged. (*Id.* ¶ 46.)

Plaintiff asserts a claim of retaliatory discharge and argues that it was his right and duty to contact the fire marshal or OSHA regarding the issue of the locked door. (*Id.* ¶ 47.) Plaintiff claims that Defendant discharged him in retaliation because of his intention to exercise this right and that he has suffered damages as a result of this unlawful behavior. (*Id.* ¶¶ 48-51.)

III. ANALYSIS

Plaintiff appears to be asserting one claim against Defendant for common law retaliatory discharge. (Compl. at 4.) This common law claim was first recognized in

*Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984). To sustain this cause of action, Plaintiff must show:

> (1) that an employment-at-will relationship existed;
>
> (2) that the employee was discharged;
>
> (3) that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and
>
> (4) that a substantial factor in the employer's decision to discharge the employee was the employee's exercise of protected rights or compliance with clear public policy.

*Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002) (citations omitted).

Plaintiff asserts in his Complaint that the retaliation occurred because Plaintiff indicated an intent to contact the fire marshal and/or OSHA concerning the locked door. If Plaintiff's claim of retaliation was based on TOSHA rather than OSHA, Plaintiff's common law claim would fail because the statutory remedy outlined in TOSHA would provide the exclusive remedy under Tennessee law.[2] Because this claim of retaliatory discharge appears to be based on the safety provisions of OSHA, however, the Court will address both any potential claim for retaliatory discharge under the provisions of OSHA and Plaintiff's common law retaliatory discharge claim.

---

[2] "[I]f a statute creates a new right and prescribes a remedy for its enforcement, then the prescribed remedy is exclusive. However, where a common law right exists, and a statutory remedy is subsequently created, the statutory remedy is cumulative unless expressly stated otherwise." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 899 (Tenn. 1992); *see also Ellis v. Rexnord Indus., L.L.C.*, 3:06-cv-410, 2007 WL 2509689, at *4 (E.D. Tenn. Aug. 30, 2007) (applying the *Hodges* principle to TOSHA and common law retaliatory discharge claims). The Court interprets this general rule as applicable only to Tennessee common law and Tennessee statutory remedies; therefore, federal OSHA remedies should be evaluated separately.

### A. Retaliation Under OSHA

Defendant argues in its Motion to Dismiss that Plaintiff cannot sustain any cause of action for retaliatory discharge under OSHA because OSHA does not provide for a private right of action. (Court Doc. 13, Def.'s Mem. in Supp. of Mot to Dismiss at 1.) The applicable OSHA statute governing judicial review states that:

> (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
>
> (2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person.

29 U.S.C. § 660(c). As a preliminary matter, the Court notes that there is no indication from the facts presented in the Complaint that Plaintiff ever filed a complaint with OSHA, ever instituted any proceeding under the statutory provisions of OSHA, or ever testified against his employer in any such proceeding. Plaintiff's Complaint alleges only that he stated that OSHA may need to be contacted about the locked door, and there is no allegation that he acted on this statement or initiated any proceeding.

Nonetheless, had Plaintiff taken one of the actions outlined in 29 U.S.C. § 660(c)(1), it is clear that subsection (2) provides only one remedy for any alleged retaliatory discharge

which might have flowed from the filing of an OSHA complaint. Plaintiff's only recourse would have been to submit a complaint to the Secretary of Labor, who might then have investigated the complaint and brought an action against the employer or person who discharged him. The statute does not afford Plaintiff the right to file an independent cause of action against his employer for retaliatory discharge alleged to have occurred based on action taken pursuant to the provisions of OSHA. The exclusive remedy available under OSHA is for the Secretary to commence an investigation and a potential lawsuit against the employer.

Therefore, any claims Plaintiff asserts for retaliatory discharge pursuant to the provisions of OSHA fail as a matter of law and must be **DISMISSED WITH PREJUDICE**.

### B.   Common Law Retaliatory Discharge

Because Plaintiff states in his Response that he only asserts a common law retaliatory discharge claim, the Court will review the statements in Plaintiff's Complaint to determine if such a claim has been successfully asserted. (Court Doc. 15, Pl.'s Resp. at 2.)

There appears to be little to no dispute as to the first two elements of a common law retaliatory discharge claim, as Plaintiff was more likely than not an at-will employee and was discharged. *See Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 535 (Tenn. 2002) (stating that "Tennessee has long adhered to the common law employment-at-will doctrine.") Where Plaintiff's common law claim must fail, however, is in the third element of this claim. For the third element, Plaintiff must be able to establish that he was discharged because he "attempted to exercise a statutory or constitutional right, or for any

other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision." *Crews*, 78 S.W.3d at 862.

First of all, as Defendant points out in its Reply, Plaintiff argued in his Response that OSHA did not apply to his retaliatory discharge claim because this action is entirely based on state common law. (Pl.'s Resp. at 2.) If that were the case, Plaintiff could not maintain this cause of action because there would be no applicable statute proscribing the conduct that Plaintiff asserts formed the basis for his discharge, and the third element of this claim would certainly be unsatisfied in the absence of Plaintiff's exercise of a statutory or constitutional right. (Court Doc. 16, Def.'s Reply at 1-2.)

As another matter, even assuming that OSHA does apply as the underlying statutory right, the Court cannot find that Plaintiff exercised or attempt to exercise this right when he told the asset protection coordinator that the fire marshal and/or OSHA "may need to be contacted" regarding the locked door. (Compl. ¶ 41.) Even the most deferential reading of the facts presented in Plaintiff's Complaint does not allow the Court to find that Plaintiff's statement about possibly contacting the fire marshal and/or OSHA constituted sufficient action to satisfy this element. Plaintiff may assert that Defendant's actions in regard to the locked door violated a clear public policy of employee safety outlined in OSHA; however, in order to establish this element, Plaintiff had to take some action to exercise his statutory rights under OSHA. Plaintiff claims in his Response that he met this element because "he intended to report the issues regarding the door to the fire marshal or OSHA and disclose the violation of law." (Pl.'s Resp. at 4.) Plaintiff's intention to contact OSHA is not an exercise of rights and does not even rise to the level of an attempt to exercise rights; essentially, it is nothing more than a thought.

Finally, the Court would note that this analysis of Plaintiff's action (or, more accurately, his inaction) is unnecessary because, had Plaintiff actually taken the steps to file a complaint with OSHA or TOSHA, the common law retaliatory discharge claim would be closed to him due to the exclusive remedies for retaliation outlined in those statutes. *See Smith v. Caterpillar, Inc.*, 304 F. App'x 391, 393-94 (6th Cir. 2008) (stating that the plaintiff "can state no separate claim for wrongful discharge" because OSHA outlined the exclusive remedy). That is, if Plaintiff had followed through with his intention to call OSHA regarding the locked door and felt that he had been discharged as a result of his complaint, Plaintiff would have had no recourse to file this lawsuit–and certainly no recourse to assert a claim of common law retaliatory discharge–because he would be statutorily precluded from filing any independent cause of action against his employer.

Accordingly, for the above reasons, Plaintiff cannot sustain a common law retaliatory discharge claim as a matter of law and this claim must be **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

Plaintiff has failed to state a claim for which relief can be granted in his Complaint because there is no set of facts that Plaintiff could prove to support his claims and entitle him to relief. Plaintiff cannot sustain a cause of action pursuant to OSHA or common law retaliatory discharge because these claims fail as a matter of law. Accordingly, Defendant's Motion to Dismiss [Court Doc. 12] is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Therefore, Plaintiff's Motion to Set Initial Case Management Conference, or Alternatively, Remand to State Court [Court Doc. 17] is **DENIED AS MOOT**.

A separate Judgment will enter.

**SO ORDERED** this 3rd day of March, 2011.

                                                */s/Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                     UNITED STATES DISTRICT JUDGE